| tGORBATY, Judge.
Kenneth Register appeals a judgment of the Civil District Court dismissing his Petition for Judicial Review of a ruling of the Louisiana State Racing Commission. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY:
Mr. Register is a horse trainer licensed by the Louisiana State Racing Commission (LSRC). On May 31, 1999, “Streakin for Mora,” a horse trained by Mr. Register won a race at Delta Downs in Vinton, Louisiana. A routine urine sample was obtained from the horse and submitted for testing of prohibited substances under the Rules of Racing and the authority of the LSRC. According to procedure, the specimen was sent to Louisiana State University, and was returned positive for the presence of Metaraminol, a Category I drug. After notifying Mr. Register of the positive test results, he requested that the sample be retested by Texas A & M University. The retesting confirmed the LSU findings of the presence of Metaraminol. After a stewards’ hearing at Delta Downs, it was | ¡.concluded that Mr. Register should be suspended for six months and the matter referred to the LSRC.[1]
On July 8, 1999, the LSRC conducted a hearing and concluded that Mr. Register’s license and eligibility for licensing should be suspended for fifteen years and that he be fined $5,000 for racing a horse that tested positive for a scheduled drug. Pursuant to the Administrative Procedure Act, La.Rev.Stat. 49:964, Mr. Register filed a Petition for Judicial Review in the Civil District Court for the Parish of Orleans. That petition was dismissed, with prejudice, and this appeal followed. DISCUSSION:
A. Completeness of Record
Mr. Register’s sole assignment of error is that his sentence is excessive. To bolster his position, he asserts that he was tried in a consolidated action with thirteen other men, and, therefore, this Court should have the benefit of the transcripts of the “entire” hearing conducted on July 8, 1999. He reasons that this Court must review the sentences of the other men to determine, by comparison, if his sentence is excessive.
Our review of the record reveals that at the July 8, 1999 hearing, counsel for the LSRC requested that the drug-related cases on the agenda be consolidated “for the purpose of taking the technical testi *95 mony which is applicable to all of the cases and everybody have the right to examine and cross-examine the witnesses and then Intake up the merits or mitigating circumstances of each individual case thereafter.” The commission would then rule on each case individually. Mr. Register’s counsel indicated that he had no objection to the request. After concluding the technical testimony, the commission heard testimony on each individual drug case, including reviewing the individual records of each person charged, and assessing penalties accordingly.
The record indicates that Mr. Register did not object to the incompleteness of the record in the trial court, nor did he attempt to supplement the record. Therefore, he cannot raise this objection on appeal, nor can he supplement the record with evidence not introduced at trial.
B. Excessiveness of Sentence:
Mr. Register does not deny the charges lodged against him; rather, he argues that the sentence imposed is excessive. We disagree.
Louisiana Administrative Code 35:I,1797[2] provides penalty guidelines relative to violations for use of prohibited substances in horses by trainers. The guidelines are broken down into classes, each class relative to the type of drug used. The technical testimony elicited at the July 8, 1999 hearing revealed that the type of drug detected in “Streakin for Mora” was a Category I drug. Thus, the guidelines recommend a suspension of license for a period of not less than one year and not more than five years and a fine of $5,000. La. Admin. Code 35:1.1797 B(l). However, La. Admin.Code 35:1.1797 A instructs that the |4guidelines should be followed absent mitigating or aggravating circumstances. If it is concluded that mitigating or aggravating circumstances exist, then the commission can impose any penalty it deems appropriate.
Mr. Register’s record reveals that in 1974 the Florida Racing Commission suspended his license for sixty days for a drug related charge. In 1979, he first was suspended for thirty days for a drug related charge, and then suspended for two years after morphine was detected in two horses under his supervision. Mr. Register reapplied for his Florida license in 1981, but was found ineligible for licensing because of a false application and fraudulent practices.
Mr. Register moved to Louisiana in 1981, but was denied a license until he was eligible for reinstatement in Florida. In 1983, after apparently obtaining a license in Louisiana, he was suspended for three years on drug related charges for two horses. His owner’s license only was reinstated in 1985.
In 1986 Mr. Register moved to New York. In August of that year he was suspended for a drug related charge. His suspension was terminated in December 1986, with the stipulation that he not seek future licensing in New York.
After his return to Louisiana, the LSRC restored Mr. Register’s trainer’s license in April 1992. On August 15, 1993 a new drug related charge was lodged against him, and he was suspended for eighteen months and fined $1500 in October 1993. In June 1996, Mr. Register was found eligible again to participate in racing. Between that date and the date of the subject infraction, he had four other minor infractions. The subject charge resulted from a May 31,1999 incident.
| ^Considering Mr. Register’s extensive record of rule violations, and noting that most of the violations are drug related, we find no error in the sentence imposed by the LSRC.
Accordingly, we affirm the judgment of the Civil District Court dismissing Mr. Register’s Petition for Judicial Review.
AFFIRMED.

. La.Rev.Stat. 4:172 M provides that stewards may suspend for a period not to exceed six months, and impose a fine not to exceed $1000.

. Promulgated in accordance with La.Rev. Stat. 4:141 and 4:148.